UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DERRICK SCOTT (# 126372)**                                CIVIL ACTION

**VERSUS**

**SGT. TAPPLEN, ET AL.**                                    NO. 15-470-JWD-SCR

<u>RULING</u>

On July 20, 2015, the Court denied the plaintiff authorization to proceed *in forma pauperis* in this case and ordered him to pay, within 21 days, the full amount of the Court's filing fee. R. Doc. 4. Specifically, the Court determined, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), that the plaintiff was not entitled to proceed *in forma pauperis* in this case. The plaintiff was placed on notice that a failure to comply with the Court's Order "shall result in the dismissal of the plaintiff's complaint without prejudice." *Id.*

In accordance with 28 U.S.C. § 1915, a prisoner filing a civil action or appeal in federal court may be granted *in forma pauperis* status but is nonetheless required to pay the full amount of the filing fee over time in incremental installments. However, such incremental payments are not allowed and pauper status shall be denied where the prisoner has filed, on at least three prior occasions while incarcerated, actions or appeals that have been dismissed as legally baseless. Specifically:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant case, the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Accordingly, pursuant to *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), and

---

1. Cases or appeals filed by the plaintiff which have been dismissed by the federal courts as frivolous or for failure to state a claim include, but are not limited to, *Derrick Scott v. James M. LeBlanc, et al.*, Civil Action No. 12-0239-BAJ-SCR (M.D., La.), *Derrick Scott v. Burl Cain*, Civil Action No. 12-0412-JJB-DLD (M.D., La.), and *Derrick Scott v. Officer Haney, et al.*, Civil Action No. 12-0439-JJB-DLD (M.D., La.). The first two referenced cases were dismissed because the plaintiff's Complaints made clear that he had failed to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e, and the United States Court of Appeals for the Fifth Circuit has concluded that the dismissal of an action for failure to state a claim is appropriate when it is clear from the face of a plaintiff's Complaint that he has not exhausted administrative remedies. *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007). In addition, such dismissals may be treated as "strikes" within the context of 28 U.S.C. § 1915(g). *See Emmett v. Ebner*, 423 Fed. Appx. 492 (5th Cir. 2011); *Martinez v. Bus Driver*, 344 Fed. Appx. 46 (5th Cir. 2009); *Johnson v. Kukua*, 342 Fed. Appx. 933 (5th Cir. 2009). Finally, a Court may take judicial notice of the record in prior related proceedings, *Missionary Baptist Foundation of America, Inc. v. Wilson*, 712 F.2d 206, 211 (5th Cir. 1983), and the Court hereby takes judicial notice of proceedings before this Court in *Derrick Scott v. Trish Foster, et al.*, Civil Action No. 13-0665-JJB-RLB (M.D. La.), wherein both this Court and the Fifth Circuit Court of Appeals found that the plaintiff had accumulated three strikes.

28 U.S.C. § 1915(g), this Court denied the plaintiff's motion to proceed *in forma pauperis* and ordered him to pay the full amount of the Court's filing fee within 21 days. Although the plaintiff appealed the Court's Order to the United States Court of Appeals for the Fifth Circuit, the plaintiff's appeal was dismissed pursuant to Mandate issued on September 11, 2015. *See* R. Doc. 10. Notwithstanding the dismissal of the plaintiff's appeal, the plaintiff has failed to pay the filing fee as ordered. Accordingly,

**IT IS ORDERED** that the above-captioned proceeding be dismissed, without prejudice, for failure of the plaintiff to pay the Court's filing fee.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this \_\_1st\_\_ day of ~~September~~ October, 2015.

_____
JOHN W. deGRAVELLES
UNITED STATES DISTRICT JUDGE